IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| THOMAS EDWARD ELMER SMITH, | ) | No.  40487-1-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| SPOKANE COUNTY SHERIFF OFFICE, | ) | |
| SECURED INVESTMENT HIGH YIELD | ) | |
| FUND, TIMOTHY B. FENNESSY, | ) | |
| | ) | |
| Respondents. | ) | |

LAWRENCE-BERREY, J. — Thomas Smith appeals the trial court's dismissal of his petition for an emergency injunction.  We affirm.

FACTS

The relevant facts are simple.  Thomas Smith stopped paying his mortgage. The mortgage company declared him in default and nonjudicially foreclosed the mortgage, after which Smith's property was sold in a trustee's sale.  Smith thereafter brought multiple lawsuits, including this one, a petition for an "Emergency Temporary Injunction" to quiet title in the property back to him and to halt his eviction.  Clerk's

Papers (CP) at 1. The trial court dismissed the action, declared Smith a vexatious litigator and assessed attorney fees against him.

Smith appeals.

ANALYSIS

In his petition, Smith argues his property was "granted to him by the Supreme Ruler of the Universe." CP at 3. Washington law does not support Smith's claim of ownership. In Washington, grants of real property must be by written deed, signed by the grantor, and acknowledged by an appropriate official, such as a notary. RCW 64.04.010, 64.04.020, 64.08.010, 64.08.060. Smith failed to produce a deed supporting his claim of ownership.

A temporary injunction requires a showing that the plaintiff has a clear legal or equitable right, and an injunction will not issue in a doubtful case. *Rabon v. City of Seattle*, 135 Wn.2d 278, 285, 957 P.2d 621 (1998). Smith's failure to produce a sufficient deed warranted dismissal of this action. Although this was not the basis on which the trial court ruled, we may affirm it on any correct ground. *State v. Gresham*, 173 Wn.2d 405, 419, 269 P.3d 207 (2012). We affirm the trial court's dismissal of Smith's petition and its award of attorney fee sanctions.

2

No. 40487-1-III
*Smith v. Spokane County Sheriff Office*

*Attorney fee sanctions on appeal*

Smith's appeal required the purchaser at the foreclosure sale to file a brief. The purchaser devoted a portion of its brief to a request for attorney fee sanctions under RAP 18.9. Under the rule, we have discretion to award attorney fee sanctions against a party whose appeal had no possibility of success.

Smith's appeal had no possibility of success. But we exercise our discretion and deny the purchaser's request for attorney fee sanctions.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____    _____
Murphy, J.                            Hill, J.